UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED
APR - 4 2019 PB
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Annette Mitchell

_____,

Plaintiff(s),

vs.

Springfield Marijuana Dealers and heroin Act,

Defendant(s).

1:19-cv-02309
Judge Matthew F. Kennelly
Magistrate Judge M. David Weisman

**COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS**

*This form complaint is designed to help you, as a* **pro se** *plaintiff, state your case in a clear manner. Please read the directions and the numbered paragraphs carefully. Some paragraphs may not apply to you. You may cross out paragraphs that do not apply to you. All references to "plaintiff" and "defendant" are stated in the singular but will apply to more than one plaintiff or defendant if that is the nature of the case.*

1. This is a claim for violation of plaintiff's civil rights as protected by the Constitution and laws of the United States under 42 U.S.C. §§ 1983, 1985, and 1986.

2. The court has jurisdiction under 28 U.S.C. §§ 1343 and 1367.

3. Plaintiff's full name is Annette Mitchell.

*If there are additional plaintiffs, fill in the above information as to the first-named plaintiff and complete the information for each additional plaintiff on an extra sheet.*

1

4. Defendant, _Springfield/RECMarijuana Dealas_, is
   (name, badge number if known)

   ☐ an officer or official employed by _Drug Dealers Liability Act_;
   (department or agency of government)

   _740 ILCS 57/25 (b)(1) (Wests 2016_ or

   ☐ an individual not employed by a governmental entity.

   *If there are additional defendants, fill in the above information as to the first-named defendant and complete the information for each additional defendant on an extra sheet.*

5. The municipality, township or county under whose authority defendant officer or official acted is ___N/0___. As to plaintiff's federal constitutional claims, the municipality, township or county is a defendant only if custom or policy allegations are made at paragraph 7 below.

6. On or about ___03/07/19___, at approximately _____ ☑ a.m. ☐ p.m.
   (month, day, year)
   plaintiff was present in the municipality (or unincorporated area) of _____
   _____, in the County of _____,
   State of Illinois, at _____,
   (identify location as precisely as possible)

   when defendant violated plaintiff's civil rights as follows *(Place X in each box that applies)*:

   ☐ arrested or seized plaintiff without probable cause to believe that plaintiff had committed, was committing or was about to commit a crime;
   ☒ searched plaintiff or his property without a warrant and without reasonable cause;
   ☐ used excessive force upon plaintiff;
   ☒ failed to intervene to protect plaintiff from violation of plaintiff's civil rights by one or more other defendants;
   ☒ failed to provide plaintiff with needed medical care;
   ☒ conspired together to violate one or more of plaintiff's civil rights;
   ☐ Other: _____
   _____
   _____

2

RECEIVED
2019 APR 4
THOMAS G. BRUTON
CLERK
U.S. DISTRICT COURT

7. Defendant officer or official acted pursuant to a custom or policy of defendant municipality, county or township, which custom or policy is the following: *(Leave blank if no custom or policy is alleged)*: Drug dealer Liability Act (740 ILCS 57/25(b)(1) (West 2016)

8. Plaintiff was charged with one or more crimes, specifically:

    I have never been Arrest or Charged with a Crime in my life.

9. *(Place an X in the box that applies. If none applies, you may describe the criminal proceedings under "Other")* The criminal proceedings

    ☐ are still pending.

    ☐ were terminated in favor of plaintiff in a manner indicating plaintiff was innocent.[1]

    ☐ Plaintiff was found guilty of one or more charges because defendant deprived me of a fair trial as follows ___N/A___

    ☐ Other: ___

---

[1]Examples of termination in favor of the plaintiff in a manner indicating plaintiff was innocent may include a judgment of not guilty, reversal of a conviction on direct appeal, expungement of the conviction, a voluntary dismissal (SOL) by the prosecutor, or a *nolle prosequi* order.

3

10. Plaintiff further alleges as follows: (*Describe what happened that you believe supports your claims. To the extent possible, be specific as to your own actions and the actions of each defendant.*)

I was Mislead & Deceived into thinking the Drug I was issued was Lisinopril which is used to treat High Blood Pressure.

After I confronted the individual about the Meds. He inform me that it was the Same but a new Manufactory.

After getting very Sick I found out the drug that I had been issued was not Lisinopril instead it was Opioid.

11. Defendant acted knowingly, intentionally, willfully and maliciously.

12. As a result of defendant's conduct, plaintiff was injured as follows:

My Liver, Stomach lining, Intestines, Bladder It have Cause my Cronh's Degease to flare up im also dealing with Cancer, Emotional Destress, Depression, Anxiety and fear to take any type of meds.

13. Plaintiff asks that the case be tried by a jury. ☒ Yes ☐ No

RECEIVED
2019 APR -4 PM 4:33
U.S. DISTRICT COURT

4

14. Plaintiff also claims violation of rights that may be protected by the laws of Illinois, such as false arrest, assault, battery, false imprisonment, malicious prosecution, conspiracy, and/or any other claim that may be supported by the allegations of this complaint.

**WHEREFORE,** plaintiff asks for the following relief:

A. Damages to compensate for all bodily harm, emotional harm, pain and suffering, loss of income, loss of enjoyment of life, property damage and any other injuries inflicted by defendant;

B. ☒ *(Place X in box if you are seeking punitive damages.)* Punitive damages against the individual defendant; and

C. Such injunctive, declaratory, or other relief as may be appropriate, including attorney's fees and reasonable expenses as authorized by 42 U.S.C. § 1988.

Plaintiff's signature: *Annette Mitchell*

Plaintiff's name *(print clearly or type)*: ANNETTE Mitchell

Plaintiff's mailing address: 529 Iroquois Trl.

City: Carol Stream   State: IL   ZIP: 60188

Plaintiff's telephone number: (630) 373-0664 or 630.668-8281

Plaintiff's email address *(if you prefer to be contacted by email)*: _____

15. Plaintiff has previously filed a case in this district. ☐ Yes ☐ No

   *If yes, please list the cases below.*

*Any additional plaintiffs must sign the complaint and provide the same information as the first plaintiff. An additional signature page may be added.*

U.S. DISTRICT COURT
2019 APR -4 PM 4:33
RECEIVED

5

So to the above injuries that I have Substated im asking for releaf in the amount of five Billion Dollars, this will include my Annity Funds, Rail Way benifits and what ever injuries the Judge sees fit. In preys of releaf

Sincerely, Annette Mitchell

4/4/2019

RECEIVED
2019 APR -4 PM 4:34
CLERK
U.S. DISTRICT COURT

**RECEIVED**
**JUL 31 2018**
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

Annette Mitchell
Plaintiff

v.

Atty. Brian Perkins
Defendant

Case Number: 1:17-CV-05920
Judge: Judge Leinenweber
Magistrate Judge: Judge Mason

Motion for Complete Injunction Constitutional Rights. I, Annette Mitchell will suffer an irreparable harm in absent the entry of complete disposal. I'm deprive of due process, line of duty benefits, occupational disease benefits, social security disability benefits, workers compensation benefits, medical vendor claims, product liability claims, all claims pursuant to the Crime Victims Compensation Act, Bankruptcy Benefits, Back Pay, Retirement benefits and health insurance, line of duty benefits, a Certificate of innocence from the Circuit Court as provided in Sec. 2-702 of the Code of Civil Procedure, all claims for recoupment made by the state against me, all claims pursuant to the Illinois National Guardsman's Compensation Act, State Farm Agent benefits, Best v. Taylor Machinery, Central Dupage hosp, Loyola hosp, Rush Hosp. IMRF Pension, Fuji Product, Monetary relief in lieu of relief Annuity Fund, Utilities Fund, Ruining my Credit

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Annette Mitchell      7/31/2018

| | | |
|---|---|---|
| | (1980). | |
| Hawaii | "Membership in any employees' retirement system of the State or any political subdivision thereof shall be a contractual relationship, the accrued benefits of which shall not be diminished or impaired." | HI CONST., Article XVI, § 2 |
| Idaho | No explicit constitutional protection for public pension benefits, but courts recognize contractual protection for public pensions. "The rights of the employees in pension plans such as Idaho's Retirement Fund Act are vested, subject only to reasonable modification for the purpose of keeping the pension system flexible and maintaining its integrity. Since the employee's rights are vested, the pension plan cannot be deemed to provide gratuities. Instead, it must be considered compensatory in nature." Hansen v. City of Idaho Falls, 446 P.2d 634 (1968); Nash v. Boise City Fire Department, 663 P.2d 1105 (1983). | ID CONST., Art. I, § 16 |
| Illinois | "Membership in any pension or retirement system of the State, any unit of local government or school district, or any agency or instrumentality thereof, shall be an enforceable contractual relationship, the benefits of which shall not be diminished or impaired." Di Falco v. Board of Trustees, 521 N.E.2d 923 (1988)(holding that contractual relationship is governed by terms of pension code at the time the employee becomes a member of the retirement system); People ex rel., Sklodowski v. State, 695 N.E.2d 374 (Ill. 1998)(holding that underfunding claim alleging failure to make required contributions was not actionable since state constitutional provision was intended to create contractual right to benefits, without freezing politically sensitive area of pension financing). | IL CONST., Article XIII, § 5 |
| Indiana | Courts treat compulsory and noncontributory pensions as a mere gratuity. An employee has no entitlement to vested rights until all eligibility requirements are satisfied. See Haverstock v. State Public Employees Retirement Fund, 490 N.E.2d 357 (Ind. Ct.App.1986)("In order for a right to vest or a liability to be incurred it must be immediate, absolute, complete, unconditional, perfect within itself and not dependent upon a contingency. Moreover, it is well settled a mere expectance of a future benefit, or a contingent interest in property founded on anticipated continuance of existing laws, does not constitute a vested right.") | IN CONST., Art. 1, § 24 |

lies in this: you must first enable the government to control the governed; and in the next place oblige it to control itself." James Madison, Federalist No. 51 (1788).

¶ 89   Obliging the government to control itself is what we are called upon to do today. The Constitution of Illinois and the precedent of our court admit of only one conclusion: the annuity reduction provisions of Public Act 98-599 enacted by the legislature and signed into law by the Governor violate article XIII, section 5's ✓ express prohibition against the diminishment of the benefits of membership in public retirement systems. The circuit court was therefore entirely correct when it declared those provisions void and unenforceable.

¶ 90                                              III

¶ 91   We come, then, to the third and final issue presented by this appeal: are the invalid annuity reduction provisions of Public Act 98-599 severable from the remainder of the statute? The issue of severability involves a question of statutory construction, which primarily involves ascertaining and giving effect to the intent of the legislature. In determining whether a statutory provision containing an unconstitutional portion may be severed from the rest of a statute, we look first at the statute's own specific severability provision, if it has one. *People v. Mosley*, 2015 IL 115872, ¶ 29. Public Act 98-599 does.

¶ 92   The Act includes a provision dealing with the "severability and inseverability" of the law's numerous components. Set forth in section 97 of the statute, this severability provision states that the various sections of the law are severable under section 1.31 of the Statute on Statutes (5 ILCS 70/1.31 (West 2012)), with the exception of certain specific sections. Under the Act, those particular sections, 39 of them in all, "are mutually dependent and inseverable from one another but are severable from any other provision of this Act." Pub. Act 98-599, § 97 (eff. June 1, 2014).

¶ 93   Among the 39 sections deemed "inseverable" are some of the specific provisions which impermissibly reduce retirement annuity benefits in violation of the pension protection clause. These include sections 2-119.1(a-1), 14-114(a-1), 15-136(d-1), and 16-133.1(a-1) (40 ILCS 5/2-119.1(a-1), 14-114(a-1), 15-136(d-1), 16-133.1(a-1) (West Supp. 2013)), which adversely affect the value of